THE PEOPLE OF THE STATE OF NEW YORK EX REL. SARAH CONWAY, APPELLANTS, *v.* THE BOARD OF SUPERVISORS OF LIVINGSTON COUNTY, RESPONDENTS.

*Chapter* 156 *of* 1872 — *vests discretionary power in board of supervisors.*

The relator constructed a bridge over a stream between two towns, in pursuance of a contract with the commissioners of highways of said towns. They having no power to make this contract, chapter 156 of 1872 was passed, which authorized the board of supervisors to adjust and audit the claims, and further provided " the said board may allow to the said claimants respectively, so much for the work done and material furnished by them respectively, as the same was reasonably worth," etc., *held*, that the statute was not to be construed as imposing a duty on the board of supervisors to exercise the power conferred by it. Such construction is to be given to such a statute, only when the public interests require it, or a party before the court is entitled by virtue of an antecedent right to have the power exercised for his benefit.

APPEAL from a judgment entered upon a decision of the court at Special Term, denying a peremptory mandamus to the defendants and dismissing the alternative mandamus, requiring them to cause to be levied, collected and paid over to the relator the sum of $5,500 and interest, or show cause to the contrary, etc. The following is the alternative writ :

*The People of the State of New York to the Board of Supervisors of Livington county, greeting :*

Whereas, The commissioners of highways of the towns of Geneseo and Leicester, in the county of Livingston, entered into a contract with one James Conway to construct a bridge over the Genesee river in said towns ; and

Whereas, Said James Conway did construct said bridge according to said contract, and the same was accepted by said commissioners, who thereupon executed and delivered to said James Conway their certificate certifying that there was due to him, the said Conway, the sum of $14,447.89 ; and

Whereas, Said James Conway caused said certificate to be presented to said board of supervisors of Livingston county at a regular meeting of said board ; and

Whereas, Said board ordered the said amount to be levied and assessed by tax on said towns of Geneseo and Leicester; and

Whereas, Said board have failed to levy or assess the same or to pay in any way such demand; and

Whereas, No settlement having been made, the legislature of the State of New York, on the 1st day of April, 1872, passed chapter 156 of the Laws of that year in relation thereto, and thereupon the said board of supervisors audited and allowed the said claim at their first annual session thereafter at $5,500, but have not caused the same to be collected as provided by said act; and

Whereas, Said James Conway, for value received, duly sold, assigned and transferred said demand to Mary E. Conway, who afterward, for value received, duly assigned and transferred the same to Sarah Conway, as we are informed by the affidavits of said Sarah Conway and James Conway.

Now, therefore, we being willing that full and speedy justice be done in this behalf to her, the said Sarah Conway, do therefore command you that, immediately after the receipt of this writ, you cause to be levied, collected and paid over to the relator, Sarah Conway, the sum of $5,500 and interest, or show cause to the contrary before this court at the next Special Term thereof to be held at the court-house, in the city of Rochester, on the 26th day of October, 1874, lest complaint shall again come to us by your default; and in what manner you shall have executed this our writ, make known at our Supreme Court at the next Special Term thereof to be held at the time and place aforesaid.

Witness, Hon. David Rumsey, justice of the Supreme Court at [ l. s. ] Rochester, the 28th day of September, 1874.

JOHN H. WILSON, *Clerk.*

J. C. Cochrane, *Attorney.*

Chapter 156 of 1872, among other things, authorizes the board of supervisors of Livingston county, to adjust and audit the claims of Simon De Graff, James Conway and George W. Phelps, for constructing and repairing a bridge over the Genesee river between the towns of Geneseo and Leicester, and that "said board may allow to said claimants respectively, so much for the work done and materials furnished by them respectively as the same was reasonably worth," etc.

*J. C. Cochrane*, for the appellant.

*S. Hubbard*, for the respondent.

GILBERT, J. :

It is reasonably certain that the object of the act of April 1, 1872, was to give the defendants a discretionary power, and not to impose upon them a positive duty. This is shown as well by the language employed, as by the circumstances in which the claim of the relator originated. By the first section of the act, the defendants are authorized to audit and adjust the claim, and the second section provides that they " may cause to be levied and collected upon the towns of Geneseo and Leicester such sum as shall be found necessary to pay the amounts allowed." Before the passage of the statute, neither the county of Livingston nor the towns named were under any legal liability to the claimant. The claim was for building a bridge, under a contract with the commissioners of highways of both said towns, and they had no authority to enter into the contract on behalf of the towns. The construction of the bridge might have been a proper county charge if the work had been done under the authority of the board of supervisors. (*Phelps* v. *Hawley*, 52 N. Y., 23.) As that board had no power to audit or allow any but legal claims against the county, it was necessary for the relief of the claimant, that the legislature should interpose and confer upon the board additional power, namely, that of auditing and allowing a claim, which, however equitable and just, was not a valid one, enforceable in a court of justice. Hence the enactment of the statute of 1872, which in its terms is permissive and not mandatory. Such statutes are never construed as imposing a duty to exercise the power conferred by them, unless the public interest requires it, or a party before the court is entitled by virtue of an antecedent right, to have the power exercised for his own benefit, but will be so construed in order to enforce a right already existing. (*Newburgh Turnpike Co.* v. *Miller*, 5 Johns. Ch., 101 ; *Mayor* v. *Furze*, 3 Hill, 612 ; *Baldwin* v. *The Mayor*, 2 Keyes, 410 ; *Phelps* v. *Hawley*, *supra* ; *People ex rel. Otsego Bank* v. *The Board of Sup. of Otsego*, 51 N. Y., 401.) The appellant, however, contends, that the board having audited the claim, she acquired thereby a vested right to have the tax levied and collected

for the payment thereof. If the foregoing views are correct, this position is untenable, for the authority conferred by the act is entire; and the exercise of one part of it does not, of itself, confer a right to demand the exercise of the other part. We are also of opinion that the proceeding which the appellant relies upon to constitute an audit, was not in fact such an absolute one, as has the legal effect of a final and conclusive audit or allowance of the claim. What the supervisors did, was to adopt a report of a committee of the board, recommending that a certain sum should be awarded to the claimant, on the condition, that it should not be levied or assessed until the claimant should have executed a bond to protect the county against any litigation which might grow out of the action of the board upon the claim, and a proper discontinuance of several pending suits. This condition has not been complied with; consequently, no effectual award or audit has been made. The return states the foregoing facts, and denies that the board of supervisors audited or allowed the claim. The demurrer admits the truth of the facts set forth in the return. Without an audit the claimant is not in a position which entitles her to ask for a mandamus to compel the levying of the tax.

The judgment must, therefore, be affirmed, with costs.

Present — MULLIN, P. J., SMITH and GILBERT, JJ.

Judgment affirmed.